GUIDRY, Judge.
I ¡.The Plaintiff, Patrick P. Kearney, and the Defendant, Lee Medical International, Inc., appeal from a judgment in a wage dispute. We affirm.
The Plaintiff[1] was employed by the Defendant as an outside sales representative, primarily selling dialysis equipment and ancillary supplies. His employment began on April 1, 2003. On April 15, 2005, without prior notice, the Plaintiff was terminated. He was informed at that time that his salary and commission wages were not going to be paid due to a number of set-offs he owed to the company. In response, the Plaintiff contacted his attorney, who immediately sent a demand for payment of the wages. The Defendant refused to pay. Among the set-offs, the Defendant claimed $5,000 as liquidated damages pursuant to a “brass handcuffs” incentive bonus agreement the parties entered into on June 6, 2004.
|aThe Plaintiff subsequently filed a Motion for Summary Judgment claiming unpaid wages, penalties and attorney’s fees under La.R.S. 23:631. A trial on the merits was held on June 22, 2005 and July 15, 2005.[2] On April 3, 2006, the trial judge *419 rendered a judgment, finding that the Plaintiff did not breach the agreement, and awarded the Plaintiff $5,000 for the bonus wages, and $4,000 for attorney’s fees. The trial judge denied the penalty claim on the basis that the amount asked for was excessive.
On appeal, the Plaintiff asserts that the trial judge erred in failing to award penalties as they are mandated by the wage payment statute. He further contends that the amount he calculated for the penalties was correct under the statute.
The Defendant filed an answer to the appeal. The Defendant contends that the trial judge erred in awarding the bonus and attorney’s fees. The Defendant contends that the $5,000 was a one-time incentive bonus, not a wage, and payment of the bonus was contingent on the Plaintiff remaining employed until a certain date.
The Defendant withheld $5,000 as a repayment of the bonus based on a letter agreement signed by the Plaintiff and the company president, Jeffery Tauzier, dated June 23, 2004. It states:
Dear Patrick,
Jeff and I would like you to know how much we appreciate your sales efforts over the past year. You have been called upon to turn around a struggling yet vibrant territory and you have succeeded with a positive mental attitude. |4You are a vital part of the future success and growth of Lee Medical and as such we would like to reward you for past performance and also tie you more closely to your job responsibilities. Therefore, we would like to offer you a one-time bonus of $5,000 payable in one lump sum at the end of this month with only one stipulation. I would like to use this additional $5,000 bonus as a form of “brass handcuffs” (I don’t think $5,000 qualifies as golden handcuffs) to keep you at Lee Medical for the next two years, through June 30, 2006. Additionally, this bonus will in no way affect your year end bonus, whatever that may or may not be. This is a completely separate bonus.
Basically, here’s the deal; you get the $5,000 bonus immediately and should you leave the employ of Lee Medical at anytime between now and June 30, 2006, you authorize Lee Medial to deduct $5,000 from any payroll, commission, car allowance or other payment owed to you at that time. There are no performance qualifications on this offer, as I believe people don’t change. You have worked hard and have been successful in the past and I expect you to perform in the same manner in the future.
We congratulate you on your past performance and hope that this offer in some small way shows you how much we value you within this organization.
[Emphasis added.]
CONTRACT INTERPRETATION
The Defendant contends that it is entitled to withhold the bonus from the Plaintiff because the Plaintiff left its employ and breached the contract. The Defendant argues that this condition applies even if the Plaintiff was involuntarily terminated, as here. We disagree.
The words of this agreement are clear. The bonus was given to the Plaintiff for his past performance, and to keep him from leaving the Defendant’s employment for two years. According to the agreement, should “you [the Plaintiff] *420 leave the employ of Lee Michael ....,” the Plaintiff was obligated to repay the $5,000. To construe it as the Defendant asserts, that it was intended that the bonus would have to be repaid even if the Defendant fired the Plaintiff, would grant to the Defendant the whimsical ability to prevent Plaintiffs compliance with his obligation. Such an interpretation would lead to absurd consequences. See: RLa.C.C. art. 2046. Therefore, we find that the repayment condition in the agreement applied only if the Plaintiff left the Defendant’s employ voluntarily.
WAGE LAW
La.R.S. 23:631 provides in part:
A. (l)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first ...
B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section. The employee shall have the right to file an action to enforce such a wage claim and proceed pursuant to Code of Civil Procedure Article 2592. [Emphasis added.]
The penalty for failing or refusing to comply with La. R.S. 23:631 is payment to the employee either “ninety days wages at the employee’s daily rate of pay, or ... full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.” Under R.S. 23:632, reasonable attorney fees are recoverable from the employer “in the event a well-founded suit for any unpaid wages ... be filed by the ... employee .... after three days ... from time of making the first demand following discharge or resignation.”
R.S. 23:631 refers to wages that are due “under the terms of employment.” The agreement states, “Therefore, we would like to offer you a one-time bonus.... Additionally, this bonus will in no way affect your year end bonus.... This is a completely separate bonus.... There are no performance qualifications.” However, the letter also states: “I would like to use this additional $5,000 bonus as a form of ‘brass handcuffs ... ’ to keep you at Lee Medical for the next two | ¿years.... ” Based on the language of the letter, we find that the letter modified the terms of the Plaintiffs original employment agreement by requiring him to remain on the job an additional two years if he accepted the bonus. This added stipulation made the bonus more than simply a one time event. For the next two years, the Plaintiff was obligated to return the money should he “leave the employ of Lee Medical.” Thus, the bonus falls within the ambit of La.R.S. 23:631 et seq. and was wages subject to the provisions of the wages statutes. It is also significant that the bonus was at least in part for past performance. Consequently, the trial judge did not err in awarding the Plaintiff his $5,000 bonus.
ATTORNEY’S FEES
Because R.S. 23:631 et seq. is applicable, and the suit for wages was well-founded, under R.S. 23:632 the Plaintiff is entitled to attorney’s fees. After our review of the record, we find that the trial judge did not err in awarding the Plaintiff $4,000 for attorney’s fees.
*421 PENALTIES
The Plaintiff argues that the trial judge erred in failing to award penalties. The Defendant responds that the trial judge’s refusal to award penalties was not error, as Defendant was reasonably justified in withholding the bonus.
In Wyatt v. Avoyelles Parish School Bd., 01-3180 (La.12/4/02), 831 So.2d 906, 916-917, the Louisiana Supreme Court stated:
La. R.S. 23:632 is a penal statute that must be strictly construed and may yield to equitable results. This court has previously stated that “a good-faith non-arbitrary defense to liability for unpaid wages, i.e., a reasonable basis for resisting liability” permits a court to decline to impose penalty wages on an employer. [Citations omitted.]
A determination of whether an employer is in good or bad faith in withholding wages is a factual question subject to the manifest error/clearly wrong | ^standard of review. Saacks v. Mohawk Carpet Corp., 03-0386, pgs. 15-16 (La.App. 4th Cir. — 8/20/03), 855 So.2d 359, 370.
The trial judge refused to award penalties on the basis that the amount demanded was excessive. However, penalties for failure to pay wages are mandated by the statute. Nevertheless, penalties are only due if the failure to pay was not in good faith. Here, the Defendant’s position concerning payment of the bonus had a reasonable basis. Thus, we find that the Plaintiff is not entitled to penalties.
Accordingly, the judgment is affirmed. Each party is to bear his or its costs of this appeal.

AFFIRMED.

. Plaintiff is a resident of Atlanta, Georgia. His territory was most of the southeastern United States.

. La.R.S. 23:631 et seq. provides that the employee shall have the right to file an action to enforce a wage claim pursuant to Code of Civil Procedure Article 2592, allowing summary proceedings in certain cases. A summary proceeding can be commenced by filing a contradictory motion, by rule to show cause, or petition. Technically this petition is misnamed a Motion for Summaty Judgment. Unlike a motion for summary judgment under La.C.C.P. art. 966, a summary proceeding requires a trial, either in open court in chambers. We construe this petition as one for *419 summary proceedings, recognizing that it was properly tried on the merits in conformity with C.C.P. art. 2595.